E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

### for the

### Eastern District of Pennsylvania

|  |  |
|---|---|
| Michael A Rivera _____ ) | Case No. _____ |
| *Plaintiff(s)* ) | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* ) | |
| *please write "see attached" in the space and attach an additional* ) | |
| *page with the full list of names.)* ) | |
| **-v-** ) | |
| ) | |
| Howard Holland warden of ) | |
| Chester County Prison, etal. ) | |
| *Defendant(s)* see attached ) | |
| *(Write the full name of each defendant who is being sued. If the* ) | |
| *names of all the defendants cannot fit in the space above, please* ) | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $52) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

1) Holbard Holland
2) Primecare Medical, inc
3) Dep Warden George Roberts
4) Dep Warden Brian Sheller
5) Chester County Municipal
6) Counselor Marciano
7) Counselor Shelton
8) Counselor Jose Garcia #712
9) Counselor Francis
10) Counselor Zubler
11) Counselor Iswett
12) Counselor Hawthorn
13) Counselor Williams
14) Counselor Supervisor Lennon
15) Counselor Supervisor Vasquez, Jorge #669
16) C/o Z Manwiller #1112
17) C/o Walston ~~Watson~~ Paragraph 44
18) C/o Guldou
19) C/o Young
20) C/o espinoza
21) C/o Taylor
22) C/o A presswood
23) C/o Hirsh, N
24) C/o Collins
25) C/o Whiteside Sgt.
26) C/o ~~keeee~~ fries
27) C/o Odukale
28) Lt Diorio #976

29) CPT Harding
30) CPT HAM
31) Lt Daniels
32) Sgt Lynch #302
33) CPT Kelly
34) LT Powers
35) C/o littles
36) Major feables
37) Mailroom C/o Fogey
38) Mailroom C/o Kilroy
39) C/o Leach
40) Capt Griswold
41) Director Tim Mulrooney
42) DR Mathew Kauzlack
43) Lt Robert Mastynack #193
44) Primecare medical Administrator Karen Murphy
45) PA Brianna Culp
46) PA Patty
47) PA Isabella
48) PA Gabriella Checchi
49) Medical Director Jennifer
50) classification Administration
51) RHU security Administration
52) Keefe commisary network

Page 1 (1)

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                          Michael A Rivers

All other names by which
you have been known:

ID Number                     00 65622

Current Institution           Chester County Prison

Address                       501 S. Wawaset Rd

                              Westchester        PA        19382
                              *City*           *State*    *Zip Code*

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

All defendants are sued individual and official capacities

Defendant No. 1

Name                          Howard Holland (Warden)

Job or Title *(if known)*     Warden of Chester County Prison

Shield Number

Employer                      Chester County

Address                       501 S. Wawaset Rd

                              Westchester        PA        19382
                              *City*           *State*    *Zip Code*

☑ Individual capacity    ☑ Official capacity

Defendant No. 2

Name                          Prime care medical, inc.

Job or Title *(if known)*     Medical Provider for chester county Prison

Shield Number

Employer                      Chester County   contracted to care for Inmates

Address

                                                 PA
                              *City*           *State*    *Zip Code*

☑ Individual capacity    ☑ Official capacity

Page 2 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

Defendant No. 3
Name Dep Warden George Roberts
Job or Title *(if known)* Deputy warden of CCP
Shield Number
Employer Chester County
Address 501 S. Wawaset Rd
Westchester        PA        19382
City        State        Zip Code
☒ Individual capacity  ☒ Official capacity

Defendant No. 4
Name Dep Warden (security) Brian Sheller
Job or Title *(if known)* Deputy warden of security
Shield Number
Employer Chester County
Address 501 S wawaset Rd
Westchester        PA        19382
City        State        Zip Code
☒ Individual capacity  ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1st amendment, 8th amendment, 14th Amendment, 5th amendment
4th amendment  6th amendment

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Def 5 Chester County
Title: Municiple
Shield#: N/A
employer: PSIA
Address: NA

Def 6 counselor Merchand
Title: counselor/co
Shield#: ?
employer: Chester county
address: 501 s newasset rd West chester PA 19382

Def 7 Counselor Shelton
Title: SAA (same as above)
shield#: ?
employer: SAA
address: SAA

Def 8 couselor Jose Garcia
title: counselor/co
Shield#: 712
employer: SAA
address: SAA

Def 9 counselor Francis
title: counselor
Shield#: ?
employer: SAA
address: SAA

Def 10 Counselor Zubler
Counselor
?
SAA
SAA

Def 11 Counselor Iskett
Counselor
?
SAA
SAA

Def 12 counselor Hawthorn
counselor
?
SAA
SAA

Def 13 Counselor Williams
counselor
?
SAA
SAA

Def 14 Counselor Supervisor Lennon
supervisor counselor
?
SAA
SAA

Def 15 Jorge Vasquez
Super-visor counselor
669
SAA
SAA

Def 16 Z. Maxmiller
c/o
Shield# 1112
SAA
SAA

Def 17 C/O Walston
c/o
?
SAA
SAA

Def 18 C/O Gulda
Correction officer
?
SAA
SAA

Def 19 C/O Young
SAA
?
SAA
SAA

| Def 20 | c/o espinoza | Def 25 | c/o Whiteside | Def 30 | Capt HAM |
|---|---|---|---|---|---|
| title | correction officer | | Sgt | | captain |
| shield | ? | | ? | | ? |
| employer | chester county prison | | SAA | | SAA |
| address | 501 S wawaset Rd westchester PA 19382 | | SAA | | SAA |

| Def 21 | c/o Taylor, H | Def 26 | c/o fries | Def 31 | Lt Daniels |
|---|---|---|---|---|---|
| title | c/o | | c/o | | lieutenant |
| shield | - | | ? | | ? |
| employer | SAA | | SAA | | SAA |
| address | SAA | | SAA | | SAA |

| Def 22 | A Presswood | Def 27 | c/o ODUKale | Def 32 | Sgt Lynch |
|---|---|---|---|---|---|
| title | c/o | | c/o | | sargent |
| shield | ? | | ? | | 302 |
| employer | SAA | | SAA | | SAA |
| address | SAA | | SAA | | SAA |

| Def 23 | N Hirsh | Def 28 | Lt DioriO | Def 33 | cpt Kelly |
|---|---|---|---|---|---|
| title | c/o | | Lieutenant | | captain |
| shield | ? | | 976 | | ? |
| employer | SAA | | SAA | | SAA |
| address | SAA | | SAA | | SAA |

| Def 24 | c/o Collins | Def 29 | captain Harding | Def 34 | Lt Powers |
|---|---|---|---|---|---|
| title | c/o | | captain | | Lieutenant |
| shield | ? | | ? | | 894 |
| employer | SAA | | SAA | | SAA |
| address | SAA | | SAA | | SAA |

| | | | |
|---|---|---|---|
| **Def 35** | C/o littles | **Def 40** Capt Griswold | **Def 45** Physician Aid Brianna culp |
| title | C/o | captain | Physician aid |
| Shield | ? | ? | N/A |
| employer | Chester County Prison | SAA | Primecare Medical, inc |
| address | 501 S wawaset Rd westchester PA 19382 | SAA | 501 S wawaset Rd westchester PA 19382 |

| | | | |
|---|---|---|---|
| **Def 36** | Major feebles | **Def 41** Tim Mulrooney | **Def 46** PA Patty |
| title | Major | Director | Physician Aid |
| shield | 3 | ? | N/A |
| employer | SAA | Chester County Prison | Primecare Medical, inc |
| address | SAA | 501 S wawaset Rd Westchester PA 19382 | SAA |

| | | | |
|---|---|---|---|
| **Def 37** | Mailroom C/o fogey | **Def 42** DR Matthew Kavalack | **Def 47** PA Isabella |
| title | Mailroom C/o | Doctor | Physician Aid |
| shield | ? | N/A | N/A |
| employer | SAA | Primecare Medical, inc | Primecare Medical inc |
| address | SAA | 501 S wawaset Rd Westchester PA 19382 | SAA |

| | | | |
|---|---|---|---|
| **Def 38** | Mailroom C/o kilroy | **Def 43** Robert Mastynack | **Def 48** PA Gabriella Cheadbi |
| title | Mailroom C/o | Lieutenant | Physician Aid |
| Shield | ? | 193 | N/A |
| employer | SAA | Chester County Prison | Primecare Medical inc |
| address | SAA | SAA | SAA |

| | | | |
|---|---|---|---|
| **Def 39** | C/o lesch | **Def 44** Karen Murphy | **Def 49** Medical director Jen |
| title | Corporal | Primecare Medical Administrator | medical director |
| Shield | ? | N/A | N/A |
| employer | SAA | Primecare Medical inc. | Primecare medical |
| address | SAA | SAA | SAA |

Page 3 (?)

Def 50  Classification Administrator

title  ?

Shieldt#  Numerous

employer  Chester county

address  SAA


Def 51  RHU security Administration

title  ?

Shield It  Numerous

employer  chester county

address


Def 52  keefe commisary network

title  commissary vendor

shieldt#  N/A

employer  chester county

address  PO Box 17490 st louis Mo 63178-7490


Page 3 (4)

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Each defendant is sued individually and officially in their capacity. Each defendant is employed by chester county prison or primecare which is contracted by chester county

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☑ Other *(explain)*   at this institution under interstate agreement of detainers

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

See attached

1) Plaintiff arrived at Chester County Prison on October 30th 2024, and since 1-21-22 has been sentenced but came on the interstate agreement of detainers. All of Plaintiff claims are supported by documentation, video witnesses account. I will present in chronological order.

2) This complaint will show that the defendants in their individual and offical capecities actions not only violated my rights but also violate the rights of many others which support a showing of customs and in some instances policies that Defendants knew of and exer-cised despite inmates evident rights; I will begin with Medical.

3) On 10-30-24 I had a medical intake where I informed Nurse Chevell of my pre-existing injuries, herniated discs in neck and back left shoulder injury and eczema and all related medications and relating memos such as cuffront, bottom bunk status. I even came with a supply of the medication I was currently prescribed.

4) I came from another facility in Delaware and had been prescribed the medications for 3 years and have had MRI's x-rays and nerve testing recognized by 4 doctors and most recently while free received a cortisoid shot 5-31-19. I explained this.

5) On 10-31-24 I went to medical to see PA Batly I explained the aforemention medical issues and correlating pain and irritation, she told me that they did not prescribe (nuerontin) my medications here and said she was ordering a taper, when I asked if I would be given a replacement to treat my pain or any memos as ordered in my prior appointments she said I would be seeing the provider.

6) On 11-2-24 I was seen by DR Matt Kavalack and explained my conditions and need for medical care he responded "Lets see if your here in a month", I asked both him

4 (1)

6) and PA Patty if they had seen my medical records and they said "No" but did not give me anything in regard to medical treatment or any memo status to accommodate or treat me.

7) There was no reason for discontinuing my medication but for, its not prescribed here but I was given no explaination of why nothing was not prescribed to treat me. There is a Nuerontin section on the med cert and there is also other medication available but I was told to wait a month. As of this date I have not received anything other than skincare, allergy and Mobic that was prescribed from Delaware.

8) I did not know the process for grievance so when I got my meds from the nurse Torry I requested a medical grievance and officer little said "me and you gonna have a talk" "you keep that up you're going to have a hard time here" this statement was directed towards me seeking redress for not being adequately treated and meant to curtail me, this complaint will show a custom where Corrections interferes with Medical operations.

9) I put in a sickcall in on 11-11-24, 11-12-24 and went to a sickcall 11-24-24 with a nurse who told me her name was Jessica but everyone call elise and I asked why I wasn't given anything for my back and neck pain. she said that I was in regard to the Mobic that I was given in Delaware I said, yes I'm receiving that but nothing is addressing my nerve damage and pain in place of discontinuing my NUERONTIN, she told me I would see the provider soon.

10) On 11-26-24 I was seen by PA Patty I once again explained the pain I was experiencing the nerve jolts and the lack of sleep from being in so much pain I explained that I had a single room with one bunk, But still wanted the bunk and cuff memos incase I moved somewhere, she said that I might be moved to H block when I began the opiate use disorder program the next day. she gave me skin and hair medication but

4 (2)

10) nothing to address my pain and no memo for the bottom bunk because I have nerve jolts where my legs may involuntary kick and I fell before and a cuff memo to be cuffed front because back cuff hurts my shoulder injury if cuff. a long time.

11) My first 2 weeks here I went to medical 2 times a day to check my weight, blood pressure and to drink electrolytes in the detox program because I had opiates in my system but because I had to go through the opiate use disorder process it took a month. I was given comfort meds too. While in the detox program I met many inmates who were still given their medication for painful injuries and mental health. I was given nothing.

12) I have put in a sickcall slip on 12-3-24 after seeing PA Petty due to her not treating my neck and back injuries and I got a sickcall slip saying I was seen by her on the 26th and my concerns were addressed. This is an example of the total disregard to my medical needs the staff has displayed, I put a sickcall in the next day 12-5-24 explaining that my injuries were not treated and heard nothing back, on 12-12-24 — 12-14-24 slips.

13) It is easy for PA and Doctors to look up a patients medical back ground especially as I came from another institution after being incarcerated 66 months. I explained that I also was referred for physical therapy and they both told me, PA Petty and Doctor Matt Kavaleck, that they don't do that here. It is clear by their statements that primecare does not prescribe neurontin or do physical therapy, per policy.

14) It is not acceptable that both PA Petty and Doctor Kavaleck have failed to otherwise treat me for my well documented and pre-treated injuries; I was told by the nurse that all the PA's rotate and take turns responding to and scheduling sickcalls. I've had 1 sick call with Victoria 11-12-24 where she gave me hydrocortisone cream; and the 11-24-24 sickcall with Jessica AKA elise where she told me I would see the provider

4 (3)

15) The defendants went from delaying and not prescribing any medical treatment already prescribed; To denying and ignoring my request to be treated for valid medical issues previously diagnosed and ceased treatment. My conditions are well known to degenerate and cause pain

16) I begann the opiate use disorder program on 11-27-24, its AKA (MAT). In speaking with the people I went with they too have been given thier medications for painful and mental health conditions; We all dsb pointed out that corrections was harrassing us during taking our (MAT) (medical assisted treatment) meds. On 12-12-24 me and others had a routine checkup and pointed out that C/o's are telling us to uncuff our pants when the rule book states we can roll up our pants, because if we damage them will be financially liable. We also pointed out that nurses weren't changing gloves after putting med cups up to peoples mouths and grabbing our med cups after to put it in our mouths.

17) When we are given our meds we put our hands to our sides or behind our backs so uncuffing our pants is just another thing the C/os use to harass us, as well as asking us to put our fingers in our mouths and dont give us hand santizer or let us wash our hands before; We have refused but they still try and this is one instance of how the Corrections interfere with medical treatment.

18) Karen Murphy is the Administrator for Primecare medical inc, and has allowed corections to interfere with inmates right to adequate care. Any inmates involved in physical altercations with correction and may have injuries is ask is he feeling suicidal or homicidal. If yes, they are put in the Medical Block with a prevention smock. If no they are cleared not given any medical treatment and no exam or documentation of injuries and sent to segregation. One inmate was ignored and had to go to the hospital the next day

4 (4)

18) See Mendoza 2:24 cv 06602 MKCj this continues as inmates in the seg unit cannot put in paper sickcalls but rely on a seg nurse who is supposed to come around, but rarely does, to ask if you want to verbally put a sickcall in this is a custom contrary to proper care.

19) This is meant to prevent inmates from writing out sickcalls to report thier injuries and gives the seg nurse discretion on what they chose to report aditionally NONE of the PAs will schedule a inmate to be seen while they are in segregation. I was told this 12-28-24 after verbally telling nurses about my back pain, jaw pain, shoulder pain and swelling of legs. The PA's are failing thier duties by not seeing segregation inmates this too is a custom contrary to proper care.

20) Upon information from D. Glasgo Medical also is in non compliance with Title 37 Pa Code §95-229 as the mattresses are not being sanitize between persons using them. These edicts and customs are aknowledged and accepted by Karen Murphy Administrator and decision maker as to the care given at chester county prison. Because of this my injuries have been further neglected and untreated by the customs allowed to seg inmates and affected me. This also violates Title 37 Pa Code §95-232.

21) Karen Murphy also fails to adhere to Title 37 PA Code §95-223, as she does not handle peoples (inmates) grievences as she should. I am affected by these customs and individual violations aswell. On 12-15-24 I was attacked by an inmate and an officer use excessive force on me. I was not even documented, but was treated, then asked the questions, was I homicidal/suicidal to which I stated no and was sent to segregation.

22) That night 12-15-24 nurse kelsey came to R block-59 to give me my medication; I called down asking her for a band aid, the one I got earlier was felling off. She was with C/o Presswood. She must not

4 (5)

22) of heard me because she didn't bring one. I said, "I know you heard me ask for a band aid, let me just get my meds". C/o Presswood then pulled the nurse Kelsey away from the door and said "have a good night your beat." I told him "why are you denying me my meds?" Your violating my rights but they left. About an hour later he returned to do searches and I informed the supervising officer that C/o Presswood denied me my med for no reason.

23) The supervising officer told me to file a grievance, it wasn't until then that C/o presswood said I would be written up. He come back around 10pm with the citation and said it would be in my bag - Legal Bag which has inmates paper-work and is given on 8 to 4 and 4 to 12m shift and taken back and stored at the end of the shift - when I received my legal bag the next day the citation had no description of how I violated any rules but said I was cited for 1) cursing / disrespect to staff 2) Disobeying a direct order 3) Inter-fering with block operations and was approved by lieutenant Powers.

24) The next day 12-16-24 nurse kelsey came to R-69 (I was moved from 59 to 69) and when I asked her did I cuss at her she said she didn't hear that but that presswood pulled her away; she didn't know what me and him had going on. This is an example of how corrections inter for with medical treatment. Prior to kelsey coming to give me meds on 12-15-24, I had asked presswood why did they give me this messed up dirty mattress and asked if he could get me another one? He said "You get what you get" and I called him a oppressor and from there he had the animus to deny my medication and retaliated with a citation when I informed the supervisor of his actions. I informed him he was violating my rights.

25) On 12-17-24 C/o Hirsh was present when the nurse came and brought me my Miralax meds to help with digestion and during searches the end of the shift he took my medication and threw it away knowing what it was. This animus stem from a 12-14-24 incident

4 (6)

25) when I ask C/O Hirsh if we could do cleanup and he denied us. On 12-27-24 C/O Presword called each cell and asked inmates if they needed a sickcall claiming that a nurse Keisha was in there this was after me and other inmates complained that no seg nurse has come in days. These two incidents involving C/O Hirsh and C/O Presword is a custom of corrections interfering with inmates medical need which holds the county and Prime care medical inc liable.

26) On 12-23-24 I put in a verbal sickcall about jaw pain; on 12-25-24 I put in a sickcall verbally about my leg swelling; on 12-26-24 I verbally sickcall my back pain; On 12-27-24 I put in a verbal sickcall about mental frustration; later that day Presword claimed a nurse keisha was in the guard bubble I verbally put in a sickcall about my skincare need renewed prescription and My Mat care dosage wasn't renewed by the Dr as I was told; On 12-29-24 I again verbally put in a sick call for my back pain and Mat dosage review; On 12-30-24 I put in a verbal mental health sickcall with Bre for not being treated medically for back pain and frustrations for corrections harrassing me; On 12-31-24 I put a verbal sickcall with elise for skincare and backpain as of this date I have not been called or treated for my back pain; the skincare meds were renewed, nothing else.

27) Paragraph 26 and 18, 19, 25; Show a policy custom etc that is contrary to the care adequate for inmates. The forth and final time I seen a Psor Dr was on 12-26-24; On that day I had a routine appointment with (Mat) counselor Amy who told me I would be seeing the PA later that day and they would be discussing my (Mat) medication with me and any other related issues. I had my appointment at 2:30pm that day.

28) I was escorted by C/O CDU kale to medical. I was told by Nurse Leah to give a urine sample but I had to mention needing to be seen about my (Mat) issues ie dosage, swelling etc. Nurse Leah said she would have to ask the PA and to wait

4 (7)

28) a second after giving her my urine sample. I was seen by PA Brianna Culp while speaking to her I asked C/o Odukele if I could have a little privacy but he kept interupting my appointment.

29) I explained to Ms Culp that I was told that I would be discussing my dosage and also asked if I could be addressed regarding my back pain I explained the extent of my injuries but she simply stated "I'm only going to handle your legs" she said she would order me some compression socks. I explained how I had been putting in repeated sickcalls and Odukale said we had to go.

30) Corrections has been known to interfere with inmates correctional medical treatment by not escorting timely; not giving privacy, discouraging treatment of inmates who have been involved in altercations with correction officers; skipping inmates for medication in segregation; This is a well known custom. I asked C/o Odukale to please stop interupting me from having my appointment but he continuously ignored me and I was unable to get my medical issues addressed and still have no redress at all.

31) This has affected my mental health and stress level dramatically as it leaves me with a feeling of helplessness because my pain level affects me daily and to go from being actively treated to not getting any treatment or medication at all has left me in pain and without redress as the grievances I've filed has not been addressed at all — Discovery will show that the medical deffendents have completely disregarded plaintiffs condition and went from delaying to denying blatantly. None of the PA's have done thier duty to treat my injuries or give my prescribed treatment or Medication.

4 (8)

Chester County, Corrections portion

32) This portion of the complaint will show Chester County and defendants
in position to implement rules and policy practices that adhere to <u>U.S.</u>
<u>Constitutional and Title 37 Pa Code §95</u> standards fail to do so. It
will also show various incidents where correctional and treatment staff
violate these rights and standards purposely.

33) This portion will also show that the defendants retaliate against
those seeking redress using the grievance system. And a pattern
of harassment against myself so evident that it will result in
future acts of retaliation, harassment and violation of my rights
unless the court intercedes and orders justices given.

Mail - 34) When I came to Chester County Jail on 10-30-24 I wrote to all the
courts, attorneys and subscriptions notifying of address changes. This
Jail has not adhered to my <u>1st amendment</u> or Title 37 Pa Code § 95. 245.
On 11-15-24 counselor Shelton opened 2 of my legal mail letters outside of my
presence and when I got back from religious services they were left on my
bunks; I asked him why did he do that and he replied carse "I don't
have a cellmate" I then asked him about calling to the prison I came from
to get my funds transferred and he said "they probably wont send it
because of that lawsuit" showing he also read my mail.

35) On 11-22-24 counselor Francis opened my legal mail outside of my presence too
sliding under my celldoor. Both of these staff have been working here
well enough to know the rules regarding mail and blantantly ignored
procedure and my rights. I also wrote to this court E.D. PA. on
11-4-24 asking for a <u>Prose §1983</u> Packet which I never received but received
the courts decission denying reconsideration in case <u>Rivera V Scinico</u>.

36) I also have a subscription to Prison legal news and Criminal legal news
and for 9 months not one issue has went missing until I got

4 (9)

36) here I only received one november issue on december 9th of criminal legal news; 2 prison legal news and 1 criminal legal news has not been delivered to me. I call 1-3-25 and they told me at Human Rights Defense center the publishers of PLN/CLN that they were sent. There is also incidents when I've been sent things by the counselor regarding case law and it was sent 12-23-24 and day shift RHU Staff C/o Guldac C/o Hirsh did not give it to me and a 4 to 12 C/o gave it to me 3 days later 12 26 24. ON 1-2-25 I signed for my funds that was sent here 12-6-24 delaying it a whole month. Either my mail has been delayed or denied.

37) Chester county prison also has a policy of using the tablet for mail, legal and religious material but the GTL guy takes weeks to get a tablet to inmates this is also a delay in mail. The intake counselors give out phone PINS for GTL to allow us to use the phone but the warden and administration fail to ensure we can get Mail, legal, and religious material access in a timely matter without delay.

Bedding 38) Since being here Neither Myself or anyone has received the proper bedding issue under Title 37 Pa Code § 95.229 1, 4. The prison has not handed out pillow cases or has there been sanitization of any of the 3 Mattresses I've slept on other than me using my own soap and water to wipe them down. The county has clorox disinfectant spray which it does not allow to be used and the mattresses are old and messed up rendering this a 8th amendment issue in violation of Basic needs. I went to Q block cell 21, N-Block cell 45 and F block cell 59 and 69.

Legal 39) The Prison which is ran by warden Howard Holland and George Roberts Access relies on the tablet news lexis ap and a counselor with no formal legal education or the ability to speak spanish to provide legal access. under Title 37 Pa Code § 95.236 and the 6th amendment this is

4(n)

39) not sufficient. Legal materials are not provided and the average inmate not knowing anything of the law will be deprived of this right and risk their freedom due to the county not making sure legal material needs are met; see Wilson Velez Declaration; Just upon coincidence we find out we're both from Delaware and he ask me if I ever filed a rule 61; and I said I did and explained the counselor did not provide him with the right legal aid and had he not met me could have waived his possible representation of counsel; due to apointment request should be filed with 61 Motion.

40) On 11-7-24 an inmate pushed his cell call button and reported that his cellmate was masturbating while he was in the room he then told his cellmate in front of the staff when they came that he was going to punch on him. The white inmate said that he wasn't doing what his black cellmate reported but that he didn't feel safe because he made up him masturbating and also Threatened to punch him and he didn't even do anything at all.

41) C/o collins and Sgt whiteside seperated them and then Sgt whiteside said that there was no space to be moving anyone and told the white cell mate not to be doing that (masturbating), while his cellmate was in the room. I then told whiteside that he was out of line there was a sexual allegation and a safety issue as the white cellmate said he didn't feel safe and the black cellmate threatened to punch on him in front of the officers present.

42) The C/o's collins and whiteside both became combative verbally with me and even walked to my door and threatened to "comein and beat me quiet"; violating my 1st amendment of speech and violating Title 37 Pa Code § 95.246; 2, regarding sexual allegations; They then moved him (the white cellmate) to another block. This is a example of the non caring attitude corrections has towards its duties.

43) Corelating to paragraph 39 Chester County has not ensured that GTL Puts Attorney Numbers in the system including the Chester

4(ii)

43) county Public defenders office. It prevents inmates from being able to reach out to find out whats going on in thier cases; and when you get to your counselor to do legal calls there is no privacy when speaking about your legal situation in front of the counselor; This violates Attorney Client priveledge. Inmates should be able to make legal calls to Attorneys with some privacy.

exercise
recreation 44) Chester county prison has a policy that prohibits indoor recreation. On 11-20-24 were told that if you do pushups on the block that you will be locked in and written up, a inmate was lockin for doing pushups and I was told that I would be too if I did the next set. This violates the 8th amendment and 14 amendment as well as Title 37 Pa code § 95.238, which says were to be given 2hrs a day indoor or outdoor. When yard is given we have not been given 2hrs and its always been in a small yard where people have to stand on the walls to give space to play basket ball. Yard is not consistant at all.

1st Amendment
Retaliation 45) On 11-12-24 C/o Young was working the N-Block Quad 1 and 3 they kept locking us down while they would still have the number of guards required to give us dayroom time. Young announced that we would be locking in and I asked who ordered that he said Sgt Johnson and I asked for a request slip and grievance when asked why, I stated to "see why you keep locking us down and yell have enough c/os to run recreation." A short time later they announced we would stay out and C/o

46) Young came on the tier quad 3 to change the TV telling me I need to "calm down" and "stop making noise" I told him that they were wrong and oppressing us. while he and him were talking C/o Espinoza approach in a aggressive manner and Young obstructed him from walking through the door, espinoza kept saying "I'll fuck you up" and I asked "what you gonna do" then said "Im still putting the grievance in", they both told me to lock in and I did but they were wrong and violated my rights I have a 1st amendment right to speak up when wronged and not be retaliated against for it. They were needlessly locking us down being lazy.

4 (12)

sleep
deprivation

47) The Blocks are broken down into 4 quads; so you got N block quad 1, 2, 3, 4 the quads all have doors 4 that connect to the neighboring quads. There is a 5th door on the quad that inmates use to come and go. The other 4 doors are used by the C/os to conduct their counts and rounds etc. The Average person uses the keys, but sometimes the C/o in the bubble will electronic open the door which is loud. This disturbs the sleep of inmates.

48) I have spoke to the Lieutenant and Captain about it but there has been no change the C/o's still let the doors slam shut and buzz the electronic lock which wakes me up repeatedly throughout the night. If the C/os would be mindful then it would not be so bad, but its like when I did speak to the supervisor it got worse and deprives me of sleep.

harrassment/
retaliation

49) ON 11-13-24 the next day after C/o Young and Espinoza locked me in for putting in a grievance C/o Mitchell denied us AM 8:30 to 10AM dayroom and there was 3 co's in the bubble when I asked him why we were locked in when there was enough guards he said "You know why" being smart. "You can file out as many grievances as you want, it dont matter" he said next. It should be noted that the other half of block Quad 2 and 4 were out on dayroom.

50) ON 11-24-24 - I was having a sick call appointment and was leaving when Lt. Robert Mastyack asked me "how are you doing?" I did not reply, he said "oh that's how we acting?" I still did not reply. He then said "well you have a good day" and "you need to grow up" as I kept silent and walked towards my housing unit stair well, When I made it to my block and entered my room C/o Brahl call in on the room intercom and said River pack your stuff your moving to the sanction block

51) I then came out to the block intercom and ask Brahl who gave him this order he said Lt. Mastyack and he was already standing in the sallyport area where all the Quads come out to leave. I asked him "what type of time he was on" and he stated "dont try to talk to me now" and told me to "Pack up" I told him that

4(13)

51) "He bought that" and I would "see him in court" he called my room saying he wanted to talk to me. So a hour later I went up to the captains office where he was and he asked me "what was up" and I explained that "you see how you felt when I ignored you?" "How do you think I feel when I put valid grievances in that go unanswered"? On 11-18-24 Mastynack and Sgt Sheep came to N block quad 3, where I was house and I asked him who answered the grievances he said "Himself and all the captains" and then explained they "take turns." This is why I did not speak to him, as the grievances I was putting in were being ignored and unanswered completely.

52) He then asked me what my issue was I told him. "I came from a minimum housing of my jail with 3½ years left, I'm here on a detainer for 4 misdemeanor charges with a 1.00 nominal bail. "Why am I on a medium block with people that have rapes, murder and various other violent crimes and high bails". He said he could help, and call counselor Williams asking him why I was in medium and could I be put in for reclassification he then asked him to have me fill out a job application and I was told the reclassify would be 11-30-24.

53) I also asked about my medical grievance and me not being given my prescribed medication or any kind of replacement or any treatment at all he said he would see what he could do but that is usually handled by someone else and he would reach out, it was two days later that I was seen by physician Aid (PA) patty she treated my eczyma skin condition, my opiate use disorder but did nothing for my neck and back pain.

54) Lt Mostjarack harrasment of telling CO Bradl I was getting a write up and that I am moving to the sanction block is just one incident of me being harrassed by officers while here. I will further detail several instances where officers have denied me basic human needs and singled me out with the intent to harrass and maliciously.

**failure to protect** 55) On 12-15-24 a inmate threaten to hit me with a tablet in the presence of C/O Z. Manwiller #1112, he stated that "He didn't care" while shrugging his shoulders and went into the guard bubble; The verbal argument continued until I spoke up and the other inmate charged at me; another inmate tried to intervene, he push past him and continued to charge and swing on me.

56) He made contact a couple times and I was forced to defend myself. Upon information C/O Manwiller did not call the code as soon as he should have; He was watching the situation smirking displaying his animus towards me and all I ever did was try to ensure our rights were given and respected. C/O Guldin came and grabbed me off of the other inmate and I complied.

**excessive force** 57) I had to turn back towards my opponent because he was left unchecked. I was swinging toward the wall and bent down to get the tablet I had in my hand before defending myself. C/O Guldin then smacked my hand so I turned around and asked why he did so. I was turned into the wall and smacked my chin by C/O Guldin causing pain, swelling, difficulty chewing for a week straight.

58) As him and C/O Espinoza escorted me he roughly pulled my left arm causing extreme pain in my left shoulder when I spoke up said "watch my arm" he told me to "shutup." I arrived in medical and was treated according to paragraph 21, and sent to RHU 59. My shoulder bed difficulty with movement and I couldn't sleep on my left side and had pain putting on/taking off shirts till this day.

**harrassment** 59) C/O Guldin denied me toilet papers, grievances, soap – 12-17-24 grievances until my mother pointed out he was denying me; 12-18-24 Denied me right to shave along with C/O Slater.; 12-19-24 Denied me toilet paper but gave some to inmate I.Q. Wright; 12-20-24 Guldin and Manwiller denied me shower despite having time to and only me denied; 1-8-25 denied me grievance and said "write that down" and reading my legal material thats in my bag they collect 2 times a day for no penological purpose. [crossed out]

60) This animus began on 11-12-24 when C/O Guldin was working in the bubble with C/O Young

4(15)

60) and C/O Espinoza and they were locking us down for no reason. I was written up by C/O Manwiller with both me and the other inmate as participants but somehow even though I was attacked I was labeled the aggressor. My hearing wasn't held until 9 days later and was supposed to be done by Lt Daniels (see Exhibit 1) but Lt Powers called me 12-24-2~

Due process 61) It was around 1 AM and Lt Power began saying he was going to give me time served, I said "that means your finding me guilty for defending myself"? I then asked him "what was policy on how long I should have had my hearing? and "Why didn't Lt Daniels do my hearing you approved presswoods citation" he turned around and began walking back towards the housing unit, when I asked why he said "Your trying to tell me how to do my job".

62) I said "I was presenting a defense and making sure my due process was followed". He told me to go to my cell which I did. He briefly spoke with counselor Francis and C/O Cossway and I pushed the intercom and asked counselor francis what he said francis responded that "Powers said he was going to take it easy on you now he's not." I told Francis that Powers violated my due process because I was just presenting my defense and asked about policy.

63) Lt Powers has harassed me before in 2015 and knows I started suit. He approved officer Presswood citation on 12-15-24 @ 21:50 (see correction exhibit 4) which makes him not impartial; he also violated my due process in the disciplinary process where I'm permitted to present a defense and a written finding of guilt; upon information I was informed that the hearing should have been done within 72 hours in RHU.

64) This violated my 8th and 14th amendment and title 37 Pa.code § 95.240, 4 pertaining to disciplinary hearings procedure. My 1st amendment right to speech also was violated by Lt Powers actions. Counselor Francis violated my 8th amendment for failure to intervene because he knows that Lt Power denied me my rights and due process in the disciplinary hearing and didn't take the steps to ensure they were protected.

65) I appeal this injustice to Captain Griswald which was investigated by Sgt Lynch my rights were completely disregarded and a look at (corrections exhibit 2) will show that a written statement explaining the

4(w)

65) finding of guilt is not present. Lt Powers further displayed his lack of impartiality by dramatically sentencing me to more time in RHU then the other inmate involved and Lt Powers knowingly did not credit me the time I spent waiting for my hearing in RHU (see corrections exhibit 3).

66) It should be noted that Lt Powers, Cpt Griswold and Sgt Lynch were parties to my 2016 suit and my appeal rights were clearly stated by myself and blatantly ignored by them. This also occurred in my hearing involving paragraphs 22-24. (see exhibit corrections 4). My hearing was done by Lt Diorio #976. On 1-3-25, again my due process rights were denied in the hearing and appeal.

67) In the hearing Lt Diorio read another portion of the write up I did not have and I told him that I did not receive that. He said it didn't matter. He found me guilty before I even got there and already had the guilty papers filled out. There is a policy that a Lt. can't do the hearing if its written on the same shift they work but he didn't even follow the prisons own policy. Griswold handled my appeal and had Lt Daniels investigate.

68) I brought up the lack of 24 hour notice by Lt Diorio not letting me get the other portion of the writeup I never seen. (correction Exhibit 4) Was no description of behavior constituting infraction. Failure to do my hearing in 72 hrs policy. Failure to allow witnesses (see Exhibit Correction 6) again the runaround on issues.

Harrasment  reswood
69) C/o Presswood has had a pattern of harrasment against myself and others. On 12-31-24 He and C/o Stater gave everyone their tablets for law library and did not give me mine until 40 minutes later, claiming it wouldn't start. When I turned it on the battery was full. On 1-7-25 he gave me the tablet with a dead battery but did give me the charger. I was the only one.

70) On 1-11-25 C/o Presswood, C/o Taylor and C/o Freese went into two cells and they restrained two inmates who didn't want to cuff up for searches. The procedure after was to take them to medical, they did not when they asked.

4 (17)

70) saying they were in pain. When they came to my cell as I was being cuffed I told presswood that "those young men supposed to go to medical" he told me to "mind my business" I said "mine is my business, if you'll do that to them you'll do that to me." he then stated "your a bitch" and came out I entered my cell and gave him the finger

71) Him and C/o Freese then grabed my hand and bent my finger and wrist back while tightening the cuff on my wrist, they cut into my wrist and sprained my fingers and wrist, I call Presswood a "oppresser" and called C/o freese a "racist cracker" and said "break it just take me to medical." When He took the cuff off presswood said "finger that bitch" I never got medical attention, I asked C/o Taylor who was ignoring me. My wrist and fingers still hurt. Lt Kelly was in charge of them.

72) Lt Kelly authorized the force on the two other inmates and a write up on me too which did not adhere to policy. They took the inmate in R41 to medical but not me or the other hispanic male in R43. We both reported need. I also told medical but was never called. On 1-12-25 Presswood came to R Block quad J cell 43 and began verbally harrassing the inmate. On 1-13-25 C/o Taylor did the same at 5pm.

73) On 1-13-25 I was informed I was a security level 7 without a write up but at 4pm C/o Taylor showed me a write up approved by Lt Kelly which I did not receive copy of. On 1-13-25 C/o Presswood elbowed me in the ribs while I was handcuffed for searches in the presence of Lt Diorio who said nothing, as he walked past me into the cell.

harassment— 74) On 11-17-24 or around C/o O'Nekole asked me close the door cursing at me "yo
Gunthrie       close that fucking door" which I ignored and walked to my cell, he followed me cursing belittling me I asked him to "stop" and "dont approach me aggressively", He kept coming so I went into my cell assigned and he unlocks the door threatening me "Im going to get your ass then put you in the hole" I never did nothing to him.

75) I told him I was going to file a grievance a CPL Gunthrie came accusing me of threatening O'Nkole and locked me in without cause. On 1-1-25 I asked CPL Gunthrie why I had been security level 6 so long becsd he controls levels and will make
                                                                          administration
sure I dont make it lower level - The administration meets friday to vote on
                                4 (..)

75) changed security levels. Records will show that I am the only inmate that is treated this way and gunthrie has been singling me out. On 1-2-25 I informed CPL Gunthrie that C/O Hirsh denied me grievance and gunthrie denied me one too.

*Harassment Hirsh*

76) C/O Hirsh denied us cleanup on 12-14-24 2 to 4 shift even though we were told we would be doing it then. When I asked him to call the supervisor in edduty, C/O Hirsh was present when the nurse gave me my medication which I held in a cup, during searches on 12-17-24 he took my medication and threw it out knowing what it was.

77) This was after I spoke with cunselor Vergez about him denying my classification; Chester county has a custom of retaliation in these types of ways, because there nothing else they could do without it being obvious. C/O Hirsh also denied me request slips, soap, grievances and toilet paper in this time frame (See Dorrell Glass Declaration). On 12-25-24 C/O Hirsh once again denied me shower singling me out to harass.

78) On 1-2-25 when I was asked by Hirsh to sign a check from 12-6-24 I asked for a grievance which he denied (see paragraph 75). On 1-6-25 C/O Hirsh took my tooth paste and toothbrush out of my legal bag and would not give it to me saying "You already brushed your teeth once today"; another C/O had to come give it to me and only right before searches were to take it away.

*General Harassment*

79) All these different occasions of harassment have been directed towards me alone especially while in RHU; Like 12-19-24 when we were given our tablets for lawlibrary late but search team took only my tablet and let everyone keep thiers. This is where I am in a room 24 hours a day but depend on the staff for certain things that have been denied and delayed.

80) Both C/O Hirsh and C/O Gulden which work the RHU most of the time have admitted to read my my legal work, making statement that "make sure you write that down" in regards to me documenting the wrongful, malicious things they do. The county has the policy of taking peoples legal work and hygiene products which serves no penological interest but meant to harass and deprive.

4 (19)

clean up

81) There is also a custom and pattern of denying cleaning supplies to us inmates. We have been denied cleanup on 12-14-24, 12-21-24, 12-25-24, 12-28-24, 1-1-2 1-11-25. That's 3 days of cleanup 12-18-24, 1-4-25, 1-8-25 IN a month period. Post Covid pandemic this is unacceptable and the 7 days a week seem questionable but this cant even be given to inmates in this sad institution.

customs

82) These actions and deprivations are done without any discipline for the correction officers involved, Julio Mendoza 7:24 cv 06607 told me he was assaulted while handcuft by C/o Hirsh; Quinton Strong on 12-20-24 was assaulted while handcuffed by C/o Walsten and others causing black eye face swelling etc, Dorrell Glasco on 11-27-24 was smacked in the face by a C/o Chavez while restrained by 3 other officers, causing swelling and depression as he was dealing with the loss of a family member. There is many more I've heard but cannot verify.

Monell liability

83) All the things that I've presented in this complaint are contributed to warden Howard Holland, Dep warden George Roberts, Dep Warden Brian Sheller and major feobles lack of supervision of its staff. Them not adhering to Title 37 pa code §95 various standards of Law. Them not ensuring the staff they put in place of descision maker status properly follow rules and policy that follow the code and constitution for treatment of inmates

84) I have personally written them on various dates and explained every aspect of what this complaint entail - that cleanup isnt given - that I wasnt being treated fairly in classification - that I wasnt being treated medically - that I wasnt being treated fairly in the disciplinary aspect - etc. I seen Brian Sheller and Major feobles in person 12-26-24 East of central control and briefly explained my situations and that I wrote them both, they claimed they didnot get them so I wrote again to Sheller feobles Roberts and Holland and I know they received because I sent my Appeal to Griswold and he responded with the Appeal form.

4(30)

85) My slips were ignored and as a result I was put on a block of medium/high security denied possible treatment groups and employment. I was attacked by a inmate I shouldn't have been around. My rights and the rights of many other inmates have suffered because Defendants in Paragraph 83-84 have failed thier duty to ensure Title 37 codes are followed. 223. orientation, 224 Rules, 225 classification, 229 bedding, 232 medical care, 236 legal resources, 238 recreation, 240 Disciplinary Procedure, 245 Publication, 246 Sexual assaults and various others as well as the US constitution.

86) Director Tim Mulrooney is empowered by these defendants and acts and rules with impunity while insulating these defendants from liability. The amount of civil litigation and grievance submissions put these defendants on notice of the issues in this prison. These Defendants were only recently hired to rectify the ongoing issues ignored by the officials they replaced.

87) I have written Tim Mulrooney as well with no response. He enforces the way tablets by GTL are issued when the wait is excessive and we depend on the tablets for mail, religious material, law library, which are 1st and 6th amendment rights. I have also wrote to the man about some of the issues I'm going through with staff, classification, retaliation, harrassment and have been ignored.

88) I have verbally told these defendants that they were violating my rights, that I will sue them for justice and expose the things they do or don't do that deprive inmates of thier rights hoping that would ignite some amount of integrity in them but they don't care. I have even written down how the grievance system works in Delaware to help captain Harding and Lt Mastynack put a operational grievance procedure in place but there is no improvement.

89) These Defendant rely on the fact that majority of the agrieved inmates do not know the law or the steps to take afterwards and although not a constitutional right it would help address the numerous issues I've presented and also the ones I don't know of. (corrections Exhibit 7) is what I gave Lt Mastynack 12-12-24

4 (21)

90) The classification administration which consist of all the named counseler defendents that make the descisions collectively on how a inmate is housed. I, told they meet on Monday and Friday. I came here under the Interstate Agreement of Detain-ers and was given a Nominal 1.00 bail for 4 Misdemeanor charges 11-1-24. My intake was done by counseler Zubler and I was sent to N block - 3-45.

91) I was assigned counseler Shalker and informed me that the Administrator Board decides ~~duties~~ where one goes I kept asking him about reclassification but he had his mind made up after I put in a grievance about him opening my legal mail and retaliated against me when I requested to be reclassified On 12-12-24 I seen counseler Williams and asked him about reclassification and a job.

Job discrimination 92) He told me that I could not get a job because of my conviction in Delaware which is not true because there are people working in the kitchen right now with assaults and other violent felonies which clearly shows I was discriminated against and not treated equal as other inmates.

grievance retaliation 93) I was also informed that Director Mulrooney was in fact denying me being reclassified because of me filing grievances upon information. Counseler Vasquez was my counseler prior and somehow had money deducted from my account for copies and on 12-17-24 he came to F block and I asked him "why" and "was it for retaliation for the prior lawsuit"?

Seizure of Funds 94) He claimed he didn't know anything about a lawsuit which I know is a lie because I filled out US Marshall forms for him to be served. He too I was told was denying me reclassification. The seizure of my money is volitile of the 4th amendment. It is fact that the counselors and Administration that control security levels and treatment has discriminated and retaliated against me by putting me on the Medium block with high risk inmates and then keeping me in high security in FHU.

4 (22)

95) I present to the court that the defendant are in violation of Title 37 Pa-Code § 95, 225 pertaining to classification (7) documented and if it is it will show that the defendants collectively denied me equal treatment in accord with the 14th amendment because of my past and present of protected conduct as filing grievances, filing lawsuits and writing associates that care.

96) The Prison official defendants have Keefe Commissary network as a vendor and the prices are extremely high and amount to price gauging. The vendor also sells items that are not to be sold individually and has pictures of items that are not what you get when you buy them. This replicates a monopoly as the inmates have no other choice but to buy this stuff at exagerated prices Title 37 Pa Code § 95.239 outlines the wardens ruling.

97) Despite me never getting a copy of my write up (C/o Taylor showed me the write up 1-13-25 @ 410 p.m) (said he would give copy, didn't get until 1-14-25 7:38 p.m) §gt Diurio called me for my disciplinary hearing for the 1-11-25 incident with C/o Presswood and C/o Fries. I told Lt Diurio that I did not get a copy of the written notice as due process and pg 29 of the inmate handbook require.

98) He said "it doesnt Matter" and continued the hearing. I told him he was present when C/o Presswood "pushed me with a elbow" last night and the hearing was a hoax. I refused to sign. Was given 77 days in RHU. If the court does not intervene I will be subject to this violation of rights and punishment without due process as my appeal will most likely be denied despite me bringing up these facts as is custom.

99)      Preliminary Injunction
As of this Date 1-15-25, I have been in this Prison for 76 days and have witnessed and been victim to multiple violations of the United States constitution 1st amendment, 4th amendment, 5th amendment, 8th amendment, 14th amendment. This is in addition

4(33)

99) to violations of Title 37 Pa code §95 225 classification; 229 peddling, 232 medical care; 236 legal resources; 238 recreation; 239 commissary; 240 Disciplinary procedure; 245 incoming Publications; 246 Adressing Sexual Assault; 248 sanitation. These claims are valid and true and have merit.

100) If the court does not grant the ~~injuction~~ INJUNCTION I will suffer irrepairable harm as Pain and suffering; Sleep deprevation; depression; lack of mobility; wanton infliction of suffering from lack of medical treatment and failure to give prescribed treatment from the facility Medical Professionals ordered in Delaware. There is also no sustitute treatment.

101) I will also be subject to the conditions of the RHU in violation of my due process rights that were not upheld by Lt Diorio in my disciplinary hearings. I ask the court to help prevent this injustice

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_various   see attached_

D.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

_Various   see attached_

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Violation of my constitutional Rights, emotional and mental pain
a swollen chin with pain and painful chewing, excruciating back pain
neck and shoulder pain all causing sleep deprivation severe pain and
suffering for prolonged unnecessary duration - was deprived
my medication and under-received and injuries not documented

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Jury Trial Demanded By Plaintiff

1) Plaintiff seeks Preliminary injunctive relief for medical care and protection of rights, no retaliation.
2) Plaintiff seeks compensatory, punitive, Declarative damages/relief,
and for things to be done how they are supposed to be done by policy i.e. hearings
bedding, classifications, employment, keeping inmates and staff safe, etc.
Especially to Adhere to Title 37 Pa Code § 95 as the taxpayer money should
be put to where and how its expected to go, court cost and fees.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Chester county prison

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

The Prison is still trying to figure out how to proceed But I tried to put in grievance for issues I feel are valid and that the grievance system is meant to cover and rectify.

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

IN chester county prison

2.    What did you claim in your grievance?

The various rights pertaining to the concerned issues were being impinged and asked that they be rectified.

3.    What was the result, if any?

I have gotten no results or and correspondance from anyone I spoke to a Lt and a captain but was told they would be Looked into and the grievance system is still being worked out.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I am told that the grievance procedure is still being figured out I had two (3) conversations about my grievance with no out comes and no one has ever contacted me about a restiution — see Declarations.

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

_____N/A_____

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____N/A_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I have filed grievance but hear nothing back at all and it feels helpless. from what I gathered this institution is still in the process of implicating the grievance process and has not followed up.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)      Rivera
     Defendant(s)      Akinbayo

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     District of Delaware

3.   Docket or index number
     1:21 CV 01737  GBW

4.   Name of Judge assigned to your case
     Hon. Gregory B Williams

5.   Approximate date of filing lawsuit
     12-9-21

6.   Is the case still pending?
     ☑ Yes
     ☐ No

     If no, give the approximate date of disposition.

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

☑ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)    Rivera

Defendant(s)    May

2.   Court *(if federal court, name the district; if state court, name the county and State)*

Dist of Delaware

3.   Docket or index number

1:24-cv-00522 GBW

4.   Name of Judge assigned to your case

Hon. Gregory B Williams

5.   Approximate date of filing lawsuit

4 29 24

6.   Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

E.D.Pa. AO Pro Se 14 ( Rev. 01/21) Complaint for Violation of Civil Rights

IX.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _MAR  1-16-25_

Signature of Plaintiff    _MAR_
Printed Name of Plaintiff    _Michael A Rivera_
Prison Identification #    _0065622_
Prison Address    _501 S. Wawaset Rd_
_westchester PA_      _PA_      _19382_
                        City                          State        Zip Code

B.    **For Attorneys**

Date of signing:    _N/A_

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
_____
                        City                          State        Zip Code
Telephone Number    _____
E-mail Address    _____

Michael A Rivera 0065622
501 S, wawaset Rd
Westchester PA 19382



quadient
FIRST-CLASS MAIL
IMI
$004.01 º
01/15/2025 ZIP 19382
043M31228302

US POSTAGE

U.S. District Court of Eastern District of Pennsylvania

601 Market Street

Philadelphia, PA 19106



RECEIVED

JAN 21 2025

U.S.M.S.
X-RAY

Legal Mail

