IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. RIVERA,<br>    Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 25-CV-0333 |
| HOWARD HOLLAND, *et al.*,<br>    Defendants. | :<br>:<br>: |

### ORDER

AND NOW, this 28 day of, April, 2025, upon consideration of Plaintiff Michael A. Rivera's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 3), *pro se* Complaint (ECF No. 2), *pro se* Supplemental Complaint (ECF No. 6), and Motion for Preliminary Injunction (ECF No. 7), it is **ORDERED** that:

1. For the reasons stated in the Court's Memorandum, all claims other than Rivera's claims based on the alleged deliberate indifference to his medical needs are **SEVERED** from this civil action into a separate lawsuit:

    a. The Clerk of Court is **DIRECTED** to open a new civil action using a copy of this Order and accompanying Memorandum and a copy of the Complaint and Supplemental Complaint in the instant case (ECF Nos. 2, 6).

    b. The new civil action shall name Michael A. Rivera as the Plaintiff and shall name as Defendants all of the named Defendants listed in the Complaint and Supplemental Complaint **except**: PrimeCare Medical, Inc., Dr. Mathew Kavalack, PrimeCare Medical Administrator Karen Murphy, PA Brianna Culp, PA Patty, PA Isabella, PA Gabriella Checchi, Medical Director

    Jennifer, PA Jaclyn Casey, Dr. Eastdat, Dr. Olinsky, Dr. Morrison, Dr. Cirrone, Dr. Morrison, and MAT Counselor Stephanie Conally.

  c. The Clerk of Court is **DIRECTED** to assign the new civil action in accordance with applicable Court procedures.

  d. Rivera will be required to either pay the fees or seek leave to proceed *in forma pauperis* to proceed in the new civil action.

  e. The new civil action may be subject to additional screening pursuant to 28 U.S.C. § 1915(e) and/or § 1915A.

2.  Leave to proceed *in forma pauperis* is **GRANTED** as to the instant civil action pursuant to 28 U.S.C. § 1915.

3.  Michael A. Rivera, #0065622, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Chester County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Rivera's inmate account; or (b) the average monthly balance in Rivera's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Rivera's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Rivera's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

4. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Chester County Prison.

5. The Complaint is **DEEMED** filed.

6. As stated in the Court's accompanying Memorandum, Rivera's claims based on deliberate indifference to his serious medical needs are **DISMISSED WITHOUT PREJUDICE** except for Rivera's claims against Dr. Kavalack, PA Patty, and PA Jaclyn Casey concerning the denial of pain medication from October 30, 2024 to January 29, 2025.

7. Rivera may file an amended complaint within thirty (30) days of the date of this Order only as to claims pertaining to his medical care at CCP. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Rivera's claims against each defendant. **Rivera shall not include claims that are assigned to the severed lawsuit; if he does so, any such claims will be dismissed**. Any amended complaint shall be a complete document that does not rely on the initial Complaint, Supplemental Complaint, or other papers filed in this case to state a claim. When drafting his amended complaint, Rivera should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. **If Rivera files an amended complaint and intends to proceed on claims that the Court has not dismissed, namely the claims against Dr. Kavalack, PA Patty, and PA Jaclyn Casey concerning the denial of pain medication from October 30, 2024 to January 29, 2025, he must replead these claims, including all facts related to these claims.** Failure to do so will result in the claim being dropped from the lawsuit.

8. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9.      The Clerk of Court is **DIRECTED** to send Rivera a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Rivera may use this form to file his amended complaint if he chooses to do so.

10.      If Rivera fails to file any response to this Order, the Court will conclude that Rivera intends to proceed **only** on the deliberate indifference to serious medical needs claims against Dr. Kavalack, PA Patty, and PA Jaclyn Casey concerning the denial of pain medication from October 30, 2024 to January 29, 2025. For faster processing, Rivera may file a "Notice of Intent to Proceed" including civil action number 25-0333 indicating that he intends to proceed only on these claims.

11.      Rivera's Motion for Preliminary Injunction is **DENIED**.

                                                              **BY THE COURT:**

                                                  **/s/ Jeffrey L. Schmehl**
                                                  **JEFFREY L. SCHMEHL, J.**